# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Gabrielle D. Cox, ) | Civil Action No. 2:18-2778-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Gildan Charleston Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 38) recommending the Court grant Defendant's motion for summary judgment (Dkt. No. 29). For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Defendant's motion.

## I.     Background

Plaintiff Gabrielle D. Cox filed this civil action against her former employer, Defendant Gildan Charleston Inc., alleging a violation of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.* On December 18, 2019, Defendant filed a motion for summary judgment. (Dkt. No. 29). On May 19, 2020, the Magistrate Judge issued an R & R recommending that the Court grant Defendant's motion. (Dkt. No. 38). Plaintiff then filed timely objections to the R & R (Dkt. No. 39) to which Defendant filed a reply (Dkt. No. 40).

## II.     Legal Standard

### a.     Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1).  This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects to. Fed. R. Civ. P. 72 (b)(2).  Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). (internal quotation omitted).  "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-cv-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). Plaintiff filed objections and the R & R is reviewed *de novo.*

    b.  **Motion for Summary Judgment**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party.  *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  Where the moving party has met its burden, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)); *Lilly v. Crum*, No. 2:19-CV-00189, 2020 WL 1879469, at *4 (S.D.W. Va. Apr. 15, 2020) (noting that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to create a genuine dispute) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

    I.  **Discussion**

After review of the record, the R & R, and Plaintiff's objections, the Court finds the Magistrate Judge accurately set forth the facts and legal principles in this case and therefore adopts the R & R in whole as the order of the Court. The Court addresses Plaintiff's objections below.

First, Plaintiff objects the Magistrate Judge erroneously "engaged in weighing the evidence" to find that Defendant's motion be granted. (Dkt. No. 39 at 3). Plaintiff takes issue with one sentence in the R & R: "Plaintiff fails to provide any substantive evidence reflecting Defendant's purported 'practice' of firing employees for taking FMLA leave." (Dkt. No. 38 at 6). Plaintiff argues the word "substantive" demonstrates the Magistrate Judge applied the incorrect standard in reviewing Defendant's motion. (Dkt. No. 39 at 3) (objecting that "[w]eighing evidence and drawing conclusions based on the facts of this case is plainly a job for a jury and thus, negates the foundation of her recommendation of dismissal").

The Court overrules Plaintiff's objection. Plaintiff misrepresents the Magistrate Judge's analysis. The word "substantive" indicates that Plaintiff offered only her own testimony, unsubstantiated by other admissible evidence, to support her contention that Defendant has a "pattern of retaliating against individuals who take FMLA leave" and that Defendant's proffered reasons for dismissing Plaintiff—various violations of company policy—were pretextual.

In the R & R, the Magistrate Judge, assuming without finding that Plaintiff established a prima facie FMLA claim under the *McDonnell Douglas* paradigm,[1] noted that "Once the plaintiff establishes the elements of a prima facie case, the burden shifts to the defendant to proffer evidence of a legitimate, non-retaliatory reason for the adverse employment action. The

---

[1] *See Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 550–51 (4th Cir. 2006). Under the *McDonnell Douglas* framework, to establish a prima facie FMLA case a plaintiff must show that: (1) she engaged in protected activity; (2) that the employer took adverse action against her; and (3) that the adverse action was causally connected to the plaintiff's protected activity. *Id.*

burden then shifts back to the plaintiff to rebut the defendant's evidence by demonstrating that the proffered reason was mere pretext for retaliation." (Dkt. No. 38 at 4-5) (citing *Yashenko v. Harrah's NC Casino Co.*, LLC, 446 F.3d 541, 550–51 (4th Cir. 2006)).  The Magistrate Judge correctly continued that the "plaintiff always bears the 'ultimate burden' of persuading the trier of fact that she was the victim of intentional discrimination or retaliation." (*Id.* at 5) (citing *Bradford v. Molina Healthcare of S.C., LLC*, No. 2:18-cv-00649-RMG-MGB, 2019 WL 7882148, at *7 (D.S.C. Dec. 17, 2019), *adopted*, 2020 WL 373194 (D.S.C. Jan. 23, 2020)); *see also Yashenko*, 446 F.3d at 551 ("If [plaintiff] 'puts forth sufficient evidence to establish a prima facie case of retaliation' and [defendant] 'offers a non-discriminatory explanation' for his termination, [plaintiff] 'bears the burden of establishing that the employer's proffered explanation is pretext for FMLA retaliation.'").  The Magistrate Judge then accurately found that Defendant had put forth legitimate, non-retaliatory reasons for Plaintiff's dismissal—namely that Plaintiff received numerous corrective actions regarding violations of company policy which ultimately culminated in her termination. (Dkt. No. 29 at 5-6).  The burden then shifted to Plaintiff to "rebut the defendant's evidence by demonstrating that the proffered reason was mere pretext for retaliation." The Magistrate Judge correctly found, however, that Plaintiff could not meet this burden.

Specifically, the Magistrate Judge noted that Plaintiff's contention that it was Defendant's "practice [to] fire[] individuals after their return from FMLA leave," (Dkt. No. 30 at 4), was based solely on Plaintiff's deposition testimony and unsupported by any other admissible evidence in the record. The Magistrate Judge correctly concluded that, at the summary judgment stage, such unsubstantiated allegations cannot establish a genuine question of material fact. *Hughey v. Greenville Health Sys.*, No. 6:07-297, 2009 WL 2170650, at *11

4

(D.S.C. July 20, 2009) (explaining that such conclusory arguments are not "legally cognizable," particularly where the plaintiff had "substantial opportunity to build her evidence in [the] case but [] elected not to do so"); *Bouchat v. Baltimore Ravens Football Club*, 346 F.3d 514, 519 (4th Cir. 2003) (noting that "once [a] motion for summary judgment is properly made and supported, opposing party bears [the] burden of showing, by means of affidavit or other verified evidence, that [a] genuine dispute of material fact exists"). Plaintiff's objection is thus overruled.

As to Plaintiff's second objection, the Court declines to address it. Plaintiff rehashes arguments already put forth and rejected by the Magistrate Judge in the R & R, which the Court adopts in full. Plaintiff's second objection is thus overruled.

## II.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 38) as the order of the Court and **GRANTS** Defendant's motion for summary judgment (Dkt. No. 29).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

June 26, 2020
Charleston, South Carolina